STATE ENGINEER OF THE STATE OF NEVADA, Appellant, *v.* AMERICAN NATIONAL INSUR-ANCE COMPANY, Respondent.

No. 6544

July 17, 1972                    498 P.2d 1329

*Robert List,* Attorney General, and *L. William Paul,* Deputy Attorney General, for Appellant.

*McDonald, Carano, Wilson & Bergin, Hawkins, Rhodes and Hawkins* and *F. DeArmond Sharp,* of Reno, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This proceeding, in the nature of an appeal [NRS 533.450], was commenced in the district court to set aside the State Engineer's cancellation of a permit to appropriate water from a completed well to cultivate 350 acres of land in Humboldt County. The permit was cancelled because the permittee failed to file proof of the application of water to beneficial use. All other proofs were filed before the dates fixed therefor, and the parties agree that the well was in fact completed, the pump installed, and the water was used to cultivate the land before the time for filing proof of beneficial use passed. That proof, for some reason undisclosed by the record, simply was not filed with the State Engineer.

The district court found that approximately $35,000 had

been spent in improving the land; that there were no plans to grant new permits in the area in the near future; that no other person would be damaged if the permittee is allowed to use the water appropriated under the permit; that the tax revenues to Humboldt County would be increased if the land was cultivated by the use of appropriated water; and concluded that the failure to file proof of beneficial use, in these circumstances, did not warrant cancellation of the permit and the forfeiture of rights which inevitably would follow. Accordingly, that court set aside the cancellation and reinstated the permit.

The findings of the district court are not challenged by the State Engineer, nor does he suggest that the equities do not lie with the permittee. By this appeal, however, he does press the point that the court should not have overruled him since the word "shall" as used in NRS 533.410 required him to cancel the permit. We turn to resolve this major contention.[1]

The statute does provide that the permit "shall" be cancelled by the State Engineer when the permittee fails to file proof of application of water to beneficial use. This directive to his office does not, however, affect the power of the district court to grant equitable relief to the permittee when warranted. Donoghue v. T.O.M. Co., 45 Nev. 110, 198 P. 553 (1921). As already noted, the State Engineer does not question the fairness of the district court ruling, or any of the significant findings upon which it rests. Accordingly, we are compelled to affirm.

We recognize that this decision places the State Engineer in an awkward and unenviable position. NRS 533.410, by its mandatory language, requires the State Engineer to summarily cancel a permit if the provisions of that statute have not been strictly adhered to. Except for granting an extension of time he is without discretion, and is subject to court reversal for a decision he is required to make. Legislative action would be

---

[1]Technical points also are presented. For example, the State Engineer points out that the permittee, in commencing the district court proceeding, failed to give the additional notice required by NRS 533.450(3) and argues that the suit is, therefore, barred. On the other hand, the permittee notes that the State Engineer sent the cancellation notice by certified rather than registered mail as required by NRS 533.410 as it then read, and urges that the cancellation was voided by that error. (Now, either certified or registered mail is proper. See Stats. Nev. 1967, p. 194.)

Since it is apparent in this case that the mentioned technical failures did not affect the substantial rights of either party, we shall do no more than mention their occurrence.

appropriate to allow the State Engineer discretion in a permit cancellation under NRS 533.410. With such a change court reversal would only be appropriate in the event of an abuse of discretion.

ZENOFF, C. J., and BATJER, MOWBRAY, and GUNDERSON, JJ., concur.