THE STATE OF NEVADA, DEPARTMENT OF COMMERCE, REAL ESTATE DIVISION AND THE REAL ESTATE ADVISORY COMMISSION, APPELLANTS, *v.* ALEXANDER S. HYT, RESPONDENT.

No. 11763

June 4, 1980                                     611 P.2d 1096

*Richard H. Bryan,* Attorney General; *Robert C. Herman* and *Franklin C. Hoover,* Deputy Attorneys General, Carson City, for Appellants.

*Gordon L. Hawkins,* for Respondent.

## OPINION

*Per Curiam:*

On January 16, 1979, respondent filed a notice of appeal from a decision by the Real Estate Advisory Commission suspending respondent's license. Respondent subsequently moved for "summary judgment" in the district court claiming that the Commission failed to certify a transcript of the proceedings within thirty days of the decision. The motion for summary judgment was granted. We have determined that the entry of summary judgment for respondent was erroneous and reverse.

In September of 1978, the Real Estate Division filed a complaint against respondent based upon his alleged improper conduct as a real estate salesman. After a hearing on January 8, 1979, the Real Estate Advisory Commission decided to suspend respondent's license. The informal decision to suspend was stated orally at the hearing and did not include the effective date of suspension nor findings of fact and law. Eight days later, respondent appealed and concurrently demanded a certified transcript pursuant to NRS 645.760.

At the district court level, respondent's "Petition" stated that he was appealing the decision of the Commission.

Respondent claimed that the decision was erroneous but also that he had appealed from an oral decision within ten days and that no findings of fact or conclusions of law had been entered. Relying on NRS 645.760(2),[1] respondent moved, on February 28, 1979, for "summary judgment" believing he was entitled to an automatic reversal due to the fact that the Division did not certify a transcript within thirty days pursuant to that statute.

Written findings of fact and conclusions of law and the date of effect for the suspension were rendered on March 1, 1979. This decision was also deposited in the mail on that date. The effective date was to be April 4, 1979. Respondent filed a notice of appeal on this written decision as well.

The transcript itself was filed with the district court on March 23, 1979 and bore a certification by the reporter dated March 12, 1979. On March 29, the district court granted summary judgment for respondent finding that appellants had failed to comply with the requirements of NRS 645.760(2). This appeal followed.

We must determine what constitutes a decision by the Commission from which a licensee has ten days to appeal under NRS 645.760. Respondent argues that the oral pronouncement was the decision while appellant claims the written findings constituted the decision. According to NRS 233B.125 a decision "shall be in writing or stated in the record." Thus, a decision may be either oral or written. But, this same statute provides, "A final decision shall include findings of fact and conclusions of law, separately stated." NRS 233B.125. *See* Public Service Comm'n v. Continental Telephone Co., 94 Nev. 345, 350, 580 P.2d 467, 470 (1978).

We have held that the purpose of NRS 233B.125 is to provide minimum procedural requirements to satisfy due process. Bailey v. State, 95 Nev. 378, 382, 594 P.2d 734, 737 (1979). Findings of an administrative agency are to be prepared in sufficient detail to permit judicial review. Revert v. Ray, 95 Nev. 782, 787, 603 P.2d 262, 264–65 (1979). Additionally, proper notice of an administrative decision is generally considered to be notice in writing. *See* Bailey v. State, 95 Nev. at 381–82, 594 P.2d at 736–37.

---

[1]NRS 645.760(2) provides in relevant part:

> If a ruling or decision is against the licensee, the licensee may within 10 days from the date of the decision appeal therefrom to the district court . . . by serving upon the administrator a notice of such appeal, and a demand in writing for a certified transcript. . . . Thereupon, the real estate division shall, within 30 days, make and certify such transcript, and the appellant shall, within 5 days after receiving the same, file the same and the notice of appeal with the clerk of the court.

In this case, the oral pronouncement of the determination by the Commission was insufficient to constitute a final decision under NRS 233B.125. Specific findings of fact were not included and there was no announcement of an effective date of suspension which is to be included in a proper notice of decision under NRS 645.760(2). All of this was included in the March 1 findings. The Commission is required to render a decision within ninety days of the final hearing on a complaint. NRS 645.760(1). Thus, the legislature has provided licensees with protection from undue delay. An administrative agency should not be penalized for announcing its conclusion at the end of a hearing by requiring the agency to compile a complete transcript within thirty days of that date. The written findings of fact and conclusions of law constitute the final decision. *Cf.* Miller v. Hayes, 95 Nev. 927, 604 P.2d 117 (1979) (judgment in criminal case becomes final only after signed by judge and entered by clerk).

The transcript was filed within thirty days of the issuance of written findings of fact and conclusions of law. The district court erred in vacating the decision. We reverse the district court order and remand this case for a proper judicial review according to NRS 645.760(3).