GEORGE C. ENGELMANN, APPELLANT, v. ROLAND D. WESTERGARD, STATE ENGINEER, STATE OF NEVADA, RESPONDENT, UNION CARBIDE CORPORATION, A NEW YORK CORPORATION, REPONDENT IN INTERVENTION.

No. 12126

June 29, 1982                                    647 P.2d 385

---

[1]THE HONORABLE DAVID ZENOFF, Senior Justice, was assigned to participate in this case by the Chief Justice, pursuant to Nev. Const., art. 6 § 19; SCR 10.

*Johnson, Belaustegui & Robison,* Reno, for Appellant.

*Richard H. Bryan,* Attorney General, and *George Campbell,* Deputy Attorney General, Carson City, for Respondent.

*Hill, Cassas, de Lipkau and Erwin,* Reno, for Respondent in Intervention.

## OPINION

*Per Curiam:*

Appellant, George Englemann, and his wife filed applications 21051 and 21032 with respondent State Engineer on February 11, 1963. The applications requested water rights sufficient to irrigate agricultural lands in the Penoyer Valley of Lincoln County. The applications were granted.

In September of 1965, Engelmann and his wife filed applications 22756 and 22758, seeking to change the points of diversion of Permits 21051 and 21032. These applications were also granted.

On September 26, 1972, permits 22756 and 22758 were cancelled by the State Engineer pursuant to NRS 533.410, for failure to comply with the terms of the permit.[1] Specifically, Engelmann failed to put the water to a beneficial use as required by statute.

On January 13, 1975, Engelmann filed applications 29144 and 29145 for new water rights on the same acreage. These two applications were granted on June 6, 1975. Engelmann received a certified letter from the Division of Water Resources with his two new permits. The letter stated:

> . . . that if the various proofs thereunder, together with any maps which may be required are not filed in this office prior to the dates set for the filings, the permits will be subject to cancellation. For your assistance a sheet is enclosed which will advise you of the requirements to fulfill the terms of your permits.

---

[1] NRS 533.410 provides:

Cancellation of permit for failure to file proof of application of water to beneficial use, map; notice to permit holder; extensions of time. Should any holder of a permit from the state engineer fail, prior to the date set for such filing in his permit, to file with the state engineer proof of application of water to beneficial use, and the accompanying map, if such map is required, the state engineer shall advise the holder of the permit, by registered or certified mail, that the same is held for cancellation. Should the holder, within 30 days after the mailing of such advice, fail to file the required affidavit and map, if such map is required, or either of them, with the state engineer, the permit shall be canceled and no further proceedings shall be had thereunder. For good cause shown, upon application made prior to the expiration of such 30-day period, the state engineer may, in his discretion, grant an extension of time in which to file the instruments.

The following message appeared at the bottom of the letter in bold type: "PLEASE NOTE DATES FOR FILING VARIOUS PROOFS."

On January 6, 1976, the State Engineer notified Engelmann by certified mail, that his permits numbers 29144 and 29145 were in poor standing and subject to cancellation. The record reflects that the certified letter notifying Engelmann that his permits were subject to cancellation was returned unclaimed to the Division of Water Resources. The State Engineer entered an order cancelling permits 29144 and 29145 on February 10, 1976.

Engelmann alleges he did not know his permits were cancelled until March, 1978. On April 13, 1978, he filed an application for judicial review.

The district court conducted a hearing on May 1, 1979, to consider appellant's motion for summary judgment, respondent's motion to dismiss and intervenor's motion for summary judgment. The district court granted respondent's motion to dismiss. This appeal followed.

At the outset, Engelmann contends the district court erred in failing to exercise its subject matter jurisdiction. We agree.

Although NRS 533.410 provides that water permits "shall" be cancelled by the State Engineer when a permittee fails to file proof of application of water to beneficial use, this directive does not affect the power of the district court to grant equitable relief to a permittee when warranted. State Engineer v. American National Ins. Co., 88 Nev. 424, 498 P.2d 1329 (1972). *See also* Donoghue v. T.O.M. Co., 45 Nev. 110, 198 P.553 (1921).

In Bailey v. State of Nevada, 95 Nev. 378, 594 P.2d 734 (1979), we held a determination that the State Engineer had correctly cancelled a permit, pursuant to his statutory mandate, did not affect the power of the district court to grant equitable relief to the permittee when warranted. *See* State Engineer v. American National Ins. Co., 88 Nev. 424, 498 P.2d 1329 (1972).

The facts in *Bailey* are similar to those in the instant case. The appellant in *Bailey* was notified at the outset that her permit was conditioned upon compliance with the schedule of deadlines as set forth in the State Engineer's letter granting her the initial permit. Pursuant to NRS 533.410, the State Engineer notified Bailey by certified letter that her permit was in poor standing and subject to cancellation. The State Engineer's certified letter to Bailey was returned to his office marked

"unclaimed." Approximately thirty days thereafter, the State Engineer cancelled Bailey's permit.

Here, the State Engineer advised Engelmann in a letter dated June 6, 1975, that his new permits were conditioned upon compliance with the schedule of deadlines as set forth in the letter. On January 6, 1976, the State Engineer advised Engelmann by certified letter that his permits were in poor standing and subject to cancellation. The record reflects this certified letter was returned to the State Engineer marked "unclaimed." Approximately thirty days later, Engelmann's permits were cancelled as mandated by NRS 533.410.

We have held that where an aggrieved party had no actual knowledge that his permits were cancelled until after expiration of the 30-day period within which to comply with the statute, it was not the intent of the Legislature to preclude judicial review of such an order or decision. Bailey v. State of Nevada, 95 Nev. 378, 594 P.2d 734 (1979).

In the instant case, Engelmann did not learn his permits were cancelled for over two years. Appellant's apparent failure to exercise diligence in the protection of his valuable water rights is a question of fact to be determined by the district court on remand.

Next, Englemann submits the district court erred when it concluded that his claim was barred by failing to exhaust his administrative remedies before the State Engineer.

Where a water permit is in poor standing or subject to cancellation, NRS 533.380(3) provides:

> The state engineer shall have authority, for good cause shown, to extend the time within which construction work shall begin, within which construction work shall be completed, or water applied to a beneficial use under any permit therefore issued by the state engineer; but an application for such extension must in all cases be made within 30 days following notice by registered or certified mail that proof of such work is due as provided for in NRS 533.390 and 533.410.

NRS 533.390(2) provides in pertinent part: "For good cause shown, upon application made prior to the expiration of the 30-day period, the state engineer may, in his discretion, grant an extension of time in which to file the instruments."

The 30-day period referred to in the statute, is that period of time immediately after the State Engineer advises a permittee, by certified mail, that their permit is subject to cancellation.

Where a permittee fails to file for an extension of time within 30 days after receipt of the State Engineer's warning letter, ". . . the permit shall be cancelled and *no further proceedings shall be had thereunder."*[2] (Emphasis added.) Under the terms of NRS 533.390(2), any administrative remedies Engelmann might have pursued, were no longer viable. The record reflects that Engelmann had no actual notice that his permits were cancelled until some two years afterwards. Consequently, it was factually impossible to apply for an extension of time as provided in NRS 533.380(3) and NRS 533.390(2).

Where one has not enjoyed a fair opportunity to exhaust the administrative process, or where resort to administrative procedures would be futile, exhaustion of administrative remedies is not required. Gardner v. Pierce County Bd. of Com'rs, 27 Wash.App. 241, 617 P.2d 743 (1980); *see* Craycroft v. Ferrall, 408 F.2d 587 (9th Cir. 1969) (vacated on other grounds, 397 U.S. 335 (1970). Additionally, the doctrine of exhaustion of remedies does not require one to initiate and participate in proceedings where an administrative agency clearly lacks jurisdiction, or which are vain and futile. *See* Zylstra v. Piva, 85 Wash. 2d 743, 539 P.2d 823 (1975).

Under the terms of NRS 533.390(2), a request by Engelmann for administrative review, would have been considered untimely and futile. In view of the circumstances presented herein, we find the district court erred in concluding that Engelmann's action was barred by his failure to exhaust his administrative remedies before the State Engineer.

Finally, Engelmann claims that his due process rights were

---

[2]NRS 533.390(2) provides:

    533.390 Permittee's work progress statements; penalties.

    2. Should any person holding a permit from the state engineer fail, prior to the date set for such filing in his permit, to file with the state engineer proof of commencement of work, or should he fail to file, within 30 days of the date set prior to which proof of completion of the work must be made, the proof of completion of work, as provided in this chapter, the state engineer shall, in either case, advise the holder of the permit, by registered or certified mail, that the same is held for cancellation, and should the holder, within 30 days after the mailing of such advice, fail to file the required affidavit with the state engineer, the permit shall be canceled and no further proceedings shall be had thereunder. For good cause shown, upon application made prior to the expiration of the 30-day period, the state engineer may, in his discretion, grant an extension of time in which to file the instruments.

violated because he did not receive actual notice regarding cancellation of his permits. Appellant's claim is without merit.

In Bailey v. State of Nevada, 95 Nev. 378, 594 P.2d 734 (1979), we held that a permittee's due process rights were not violated where the State Engineer fully complied with the directive of NRS 533.410 in sending out an additional notice by certified mail, advising the permittee that his permit was subject to cancellation.

Accordingly, we reverse the order of the district court dismissing the complaint against respondent, and we remand this matter to the district court for further proceedings.

GUNDERSON, C. J., MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, SR. J.,[3] concur.