DEPARTMENT OF CONSERVATION AND NATURAL RESOURCES, DIVISION OF WATER RESOURCES, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA, APPELLANT, v. DENISE C. FOLEY; CHARLES F. FOLEY; AND LOUIS C. FOSTER, RESPONDENTS.

No. 40940

April 14, 2005      109 P.3d 760

*Brian Sandoval,* Attorney General, and *Michael L. Wolz,* Deputy Attorney General, Carson City, for Appellant.

*R. Nathan Gibbs,* Las Vegas; *Kelleher & Kelleher, LLC,* and *John T. Kelleher,* Las Vegas, for Respondents.

Before ROSE, GIBBONS and HARDESTY, JJ.

## OPINION

By the Court, HARDESTY, J.:

This appeal raises questions of interpretation of the statutory scheme under which the appellant, the Nevada Department of Conservation and Natural Resources, Division of Water Resources

(the Division),[1] regulates water rights held by Nevada landowners. Because of Nevada's arid geography, vital public policy considerations dictate that the Division, through the State Engineer, monitor the beneficial use of water rights. This oversight occasionally requires cancellation of water rights due to forfeiture from lack of use or development. In this case, we resolve whether the Division must provide notice of cancellation of water rights to permit owners whose interests do not appear of record in the files of the State Engineer. We conclude that such notice is not required.

## FACTS AND PROCEDURAL HISTORY

David Baal acquired a piece of real estate situated in Clark County, Nevada. In 1990, Baal applied for a water permit, and in 1991 he subdivided the property into four separate lots.

The State Engineer granted permit number 53454 (the permit) for well service to the four parcels. The permit required that the holder file certain certificates with the Division, including a Proof of Completion of Work and a Proof of Water to Beneficial Use. Baal filed a Proof of Completion of Work in April 1992 but failed to provide a Proof of Water to Beneficial Use. The Division notified Baal in 1995 that his permit would be canceled unless he provided such proof within thirty days. Over the next several years, the Division granted several extensions of time for Baal to comply. In 1999, Baal failed to respond to additional notices requesting proof of beneficial use. The State Engineer ultimately gave final notice to Baal and canceled the permit on August 5, 1999.

This case involves two of the subdivided parcels, both of which Baal conveyed to respondents Denise and Charles Foley. The Foleys first purchased one of the lots from Baal in 1994 and have resided on it ever since.[2] They purchased the other lot in 1996 and resold it to respondent Louis Foster in 2001. Although records of the transactions were apparently filed with the Clark County Recorder, none of these individuals filed a report or record of the transactions with the State Engineer.

The Foleys first learned of the permit cancellation when they sold the second parcel to Foster. The parties to this appeal agree that the Foleys never received any of the Division's notices.

The Foleys filed a complaint for a preliminary injunction seeking reinstatement of the permit. Foster intervened in the action. Upon application, the district court concluded that the Foleys were

---

[1]The Division and the State Engineer are referred to interchangeably in this opinion.

[2]Because the record is silent as to the transfer of water rights, we presume that the real property conveyances included the water rights. *See Margrave v. Dermody Properties,* 110 Nev. 824, 828, 878 P.2d 291, 293 (1994).

entitled to notice of cancellation and issued an injunction directing that the permit be reinstated.[3] In this, the district court found and concluded that the Foleys and Foster would suffer irreparable harm if the permit was canceled, were without an adequate remedy at law, and had a reasonable probability of success on the merits. The Division filed its timely notice of appeal.

## DISCUSSION

For a preliminary injunction to issue, the moving party must show that there is a likelihood of success on the merits and that the nonmoving party's conduct, should it continue, would cause irreparable harm for which there is no adequate remedy at law.[4] Injunctive relief is extraordinary relief, and the irreparable harm must be articulated in specific terms by the issuing order or be sufficiently apparent elsewhere in the record.[5] This court reviews preliminary injunctions for abuse of discretion.[6]

Chapter 533 of the Nevada Revised Statutes contains the legislative scheme governing water rights in Nevada. In part to resolve a lack of clarity in the statutory notice and filing requirements concerning water rights matters, the 1995 Nevada Legislature comprehensively amended Chapter 533. Pertinent to this appeal are the additions of NRS 533.384(1) and NRS 533.386(4), both of which became effective October 1, 1995. Under NRS 533.384(1)(a), transferees of water rights must file a report of the conveyance with the State Engineer.[7] Additionally, under the amendments to NRS 533.386(4), the Division may only consider persons mentioned in

---

[3]Foster did not acquire his interest in the property until after the State Engineer canceled the permit. Thus, the notice issue only relates to him as a subsequent purchaser from the Foleys.

[4]*Dangberg Holdings v. Douglas Co.,* 115 Nev. 129, 142, 978 P.2d 311, 319 (1999); *Pickett v. Comanche Construction, Inc.,* 108 Nev. 422, 426, 836 P.2d 42, 44 (1992).

[5]*Dangberg,* 115 Nev. at 144, 978 P.2d at 320.

[6]*S.O.C., Inc. v. The Mirage Casino-Hotel,* 117 Nev. 403, 407, 23 P.3d 243, 246 (2001).

[7]NRS 533.384(1), as amended, states in pertinent part:

1. A person to whom is conveyed an application or permit to appropriate any of the public waters, a certificate of appropriation, an adjudicated or unadjudicated water right or an application or permit to change the place of diversion, manner of use or place of use of water, *shall*:

(a) *File with the State Engineer,* together with the prescribed fee, a report of conveyance which includes the following information on a form to be provided by the State Engineer:

(1) An abstract of title;

a report of conveyance, filed with the Division, as interested parties to water rights permits.[8]

Prior to October 1, 1995, nothing in NRS Chapter 533 explicitly imposed a duty upon the State Engineer to conduct title searches in connection with permit approvals or cancellations. Division personnel, however, routinely performed a degree of title work in connection with water rights applications and cancellations.[9] Because these employees were not necessarily experts in title disputes, and because of a need to clearly define the Division's responsibilities, the amendments to Chapter 533 now specifically place the duty to memorialize conveyance transactions concerning water rights upon the person to whom the right is conveyed. Thus, the 1995 amendments relieve the Division of any affirmative duty to seek information from the county recorders when acting upon permit applications and expired water rights.[10] In this, the legislature sought to clarify the process of water rights registration and minimize potential ambiguities concerning water rights ownership. By implication, the statute limits the persons who are entitled to statutory notice of water right cancellations.

*Notice requirements concerning the pre-October 1, 1995, transactions*

The first Baal/Foley transaction was completed before the effective date of the amendments to Chapter 533. Nevertheless, as

---

(2) Except as otherwise provided in subsection 2, a copy of any deed, written agreement or other document pertaining to the conveyance; and

(3) Any other information requested by the State Engineer.

(Emphasis added.)

[8]NRS 533.386(4) now provides:

The State Engineer shall not consider or treat the person to whom:
(a) An application or permit to appropriate any of the public waters;
(b) A certificate of appropriation;
(c) An adjudicated or unadjudicated water right; or
(d) An application or permit to change the place of diversion, manner of use or place of use of water,
*is conveyed as the owner* or holder of the application, right, certificate or permit for the purposes of this chapter, including, without limitation, all advisements and other notices required of the State Engineer and the granting of permits to change the place of diversion, manner of use or place of use of water, *until a report of the conveyance is confirmed pursuant to subsection 1.*

(Emphases added.)

[9]Hearing on S.B. 93 Before the Assembly Government Affairs Comm., 68th Leg. (Nev., June 13, 1995) (statement of R. Michael Turnipseed, State Engineer).

[10]NRS Chapter 533 (as amended 1995).

noted, the State was under no obligation under the pre-October 1, 1995, version of NRS Chapter 533 to give notice to parties whose interests were not of record with the Division. The State Engineer's compliance with the former statutory notice requirements concerning permit cancellation satisfies due process. This holds true unless there is a defect in the notice or the State Engineer has been negligent in the notice process.[11]

Neither Baal nor the Foleys reported the initial conveyance to the State Engineer. Consequently, the Foleys' interest in the water rights remained unknown to the Division. Moreover, the permit application remained in Baal's name during all relevant time periods, and Baal sought extensions to file the proof of beneficial use even after the first lot was conveyed to the Foleys in 1994. These factors underscore the propriety of the permit cancellation in this instance—with notice to Baal rather than the Foleys.

As the Division was not required to provide notice of cancellation to persons who obtained their water rights before October 1, 1995, but had not reported the fact of their interest to the Division, the Foleys were not entitled to any notice of cancellation with respect to the first lot that they purchased.

*Application of notice requirements under the amended statutory scheme*

As noted, NRS 533.384(1)(a) was amended in 1995 and imposes an affirmative duty on the recipient of a water right to file a report of conveyance information with the State Engineer. In this case, the transfers of the second parcel to the Foleys in 1996 and to Foster in 2001 clearly fall within the amended statutory mandate. Accordingly, the Foleys' and Foster's[12] failure to file reports with the Division of the 1996 and 2001 conveyances of the second lot constitute direct failures of compliance with NRS 533.384(1)(a).

Going further, as noted above, effective October 1, 1995, the Division may only consider persons mentioned in a report of a conveyance as interested parties in water rights permits.[13] Nothing in this statutory scheme requires the Division to give notice of cancellation to any person whose interest in the water rights is not on

---

[11]*Bailey v. State of Nevada,* 95 Nev. 378, 381, 594 P.2d 734, 736 (1979).

[12]Foster could not comply with the statutory requirement to file a report of water right conveyance in any event because the water permit was canceled before he acquired the real property. *See supra* note 3.

[13]NRS 533.386(4).

file with the State Engineer. Therefore, under the 1995 amendments to Chapter 533, water rights holders of record with the Division remain the only interested parties entitled to notice of cancellation of water rights permits.

We conclude that the Division properly revoked the permit as it related to the Foley/Foster parcel without notice to the Foleys. Thus, the district court abused its discretion when it provided the injunctive relief in connection with the parcel purchased from Baal and transferred to Foster.

*Equitable relief*

Notwithstanding the failures to advise the State Engineer of their interest in the water permit, the Foleys and Foster argue that the district court properly granted equitable relief. We disagree.

In *State Engineer v. American National Insurance Co.,*[14] *Bailey v. State of Nevada,*[15] and *Engelmann v. Westergard,*[16] this court embraced the principle that the district court may grant extraordinary equitable relief in some instances. We note, however, that the water rights in *State Engineer, Bailey* and *Engelmann* were of record with the Division,[17] and that we have restricted such equitable relief to situations where the holders of water rights either exercised diligence in the placement of water to beneficial use or sought relief in response to defects in the cancellation notice.[18]

In *State Engineer,* this court upheld an order granting equitable relief where the record owner diligently pursued his water rights and demonstrated that he had in fact put the water to beneficial use before the deadline for filing proofs.[19] In *Bailey,* equitable relief was warranted in a situation where the State Engineer failed to serve notice of the final decision to cancel.[20] In *Engelmann,* the record reflected a defect in the notice process.[21]

As noted, the Division was not required to provide cancellation notice to unknown water rights holders. Additionally, the Foleys and Foster made no showing that the water was put to beneficial use before any deadline for submission of proof thereof. Thus, *State*

---

[14]88 Nev. 424, 426, 498 P.2d 1329, 1330 (1972).

[15]95 Nev. 378, 382, 594 P.2d 734, 736-37 (1979).

[16]98 Nev. 348, 352, 647 P.2d 385, 388 (1982).

[17]*See Engelmann,* 98 Nev. 348, 647 P.2d 385; *see also Bailey,* 95 Nev. 378, 594 P.2d 734.

[18]*Bailey,* 95 Nev. at 384, 549 P.2d at 738; *State Engineer,* 88 Nev. at 426, 498 P.2d at 1330.

[19]88 Nev. at 426-27, 498 P.2d at 1330.

[20]95 Nev. at 381-82, 594 P.2d at 736-37.

[21]98 Nev. at 351-52, 647 P.2d at 387-88.

*Engineer, Bailey* and *Engelmann* are inapposite to the present case. We therefore conclude that the Foleys and Foster failed to provide the district court with an appropriate basis for equitable relief.

## CONCLUSION

The Division is not statutorily required to provide notice of cancellation of water rights permits to persons whose interest in the rights has not been reported to the State Engineer. This conclusion applies to transfers of water rights before and after October 1, 1995.

We note in passing that the Foleys and Foster have available to them a partial, albeit not totally adequate, remedy at law. State Engineer Order 1054, issued April 15, 1992, provides that "[a]pplications filed for the purpose of reinstating a permit that has been cancelled and where some use has been made of the water will be processed according to NRS Chapter 533, but only for the uses that are existing." The State has acknowledged that this language provides the Foleys and Foster with an administrative remedy to reinstate at least some water usage to their land.

In light of the above, we reverse the district court's order issuing the preliminary injunction.

ROSE and GIBBONS, JJ., concur.