# IN THE SUPREME COURT OF THE STATE OF NEVADA

GRANITE GAMING GROUP I, LLC
D/B/A MERMAIDS CASINO, A NEVADA
LIMITED LIABILITY COMPANY; AND
GRANITE GAMING GROUP III, LLC
D/B/A LA BAYOU CASINO, A NEVADA
LIMITED LIABILITY COMPANY,
Appellants,
vs.
THE FREMONT STREET
EXPERIENCE LLC, A NEVADA
LIMITED LIABILITY COMPANY;
JEFFREY VICTOR, IN HIS OFFICIAL
CAPACITY AS PRESIDENT OF THE
FREMONT STREET EXPERIENCE
LLC; GOLDEN GATE CASINO, LLC, A
NEVADA LIMITED LIABILITY
COMPANY; GOLDEN GATE
EXPERIENCE, INC., A NEVADA
CORPORATION; MARK
BRANDENBURG, AN INDIVIDUAL;
DROCK GAMING, LLC, D/B/A THE D
(F/K/A FITZ AND/OR FITZGERALD'S),
A NEVADA LIMITED LIABILITY
COMPANY; GNLV CORP. D/B/A
GOLDEN NUGGET HOTEL & CASINO,
A NEVADA CORPORATION; FOUR
QUEENS, LLC, D/B/A FOUR QUEENS,
A NEVADA LIMITED LIABILITY
COMPANY; VINTAGE VEGAS
GAMING, LLC, D/B/A BINION'S
GAMBLING HALL & HOTEL, A
NEVADA CORPORATION; CITY OF
LAS VEGAS; AND CAROLYN

No. 64549

FILED

APR 1 1 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

GOODMAN, IN HER OFFICIAL
CAPACITY AS MAYOR ONLY AND
NOT IN ANY PERSONAL CAPACITY,
Respondents.

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a motion for a preliminary injunction. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge. A district court has discretion in deciding whether to grant a preliminary injunction and its decision "will be reversed only where the district court abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of fact." *Boulder Oaks Cmty. Ass'n v. B & J Andrews Enters., LLC*, 125 Nev. 397, 403, 215 P.3d 27, 31 (2009) (internal quotations omitted). We affirm.

Appellant Granite Gaming Group (Granite Gaming) is suing respondents in order to prohibit Fremont Street Experience from allowing its casino members to build outdoor permanent bars that encroach onto city land. Granite Gaming filed a motion for a temporary restraining order and preliminary injunction. The district court granted the temporary restraining order, but after an evidentiary hearing, denied the preliminary injunction on the ground that Granite Gaming had not demonstrated a reasonable probability of success on the merits. Granite Gaming appeals.

To obtain a preliminary injunction, the moving party must show that it "enjoys a reasonable probability of success on the merits and that the defendant's conduct, if allowed to continue, will result in irreparable harm for which compensatory damage is an inadequate remedy." *Dixon v. Thatcher*, 103 Nev. 414, 415, 742 P.2d 1029, 1029

(1987). "[T]he irreparable harm must be articulated in specific terms by the issuing order or be sufficiently apparent elsewhere in the record." *Dep't of Conservation and Nat. Res., Div. of Water Res. v. Foley*, 121 Nev. 77, 80, 109 P.3d 760, 762 (2005).

The district court denied preliminary injunctive relief based on its determination that Granite Gaming did not demonstrate a sufficient probability of success on the merits to warrant an injunction. As respondents note in their answering brief, we do not need to reach the likelihood of success on the merits because Granite Gaming failed to show irreparable harm. *See Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987) ("The failure to show irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary injunction . . . ."). Granite Gaming asserts that "[i]rreparable harm is conclusively presumed where there is a violation of statute involving the use of land." But Granite Gaming cites no legal authority for this assertion and therefore, we will decline to credit it. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court.").

Granite Gaming has made no other arguments nor pointed to any facts showing the threat of irreparable harm. Therefore, the district court did not abuse its discretion in denying Granite Gaming's motion for a preliminary injunction. Accordingly we,

ORDER the judgment of the district court AFFIRMED.[1]

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Pickering

---

[1]The Honorable Mark Gibbons, Justice, is disqualified and did not participate in the decision of this matter.

cc: Hon. Elizabeth Goff Gonzalez, District Judge
Ara H. Shirinian, Settlement Judge
The Jimmerson Law Firm, P.C
Lovato Law Firm, P.C.
Las Vegas City Attorney
Jolley Urga Wirth Woodbury & Little
Holland & Hart LLP/Las Vegas
Pisanelli Bice, PLLC
Eighth District Court Clerk