# IN THE SUPREME COURT OF THE STATE OF NEVADA

LINDA MARSHALL,
Appellant,
vs.
NEVADA SYSTEM OF HIGHER
EDUCATION,
Respondent.

No. 66214

FILED

APR 2 1 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK



## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment in a wage dispute action. Second Judicial District Court, Washoe County; Elliott A. Sattler, Judge.

Appellant Linda Marshall was employed by the University of Nevada, Reno (UNR) for almost eight years until she left voluntarily. Eventually, appellant sought reemployment at UNR in a different department. She was rehired at a lower rate of pay due to funding limitations. Approximately three years after her reemployment, appellant asserted that UNR incorrectly interpreted NAC 284.170(1)(b)(2) (2012) when determining her pay. Without following UNR's formal grievance policy, appellant filed a complaint against respondent Nevada System of Higher Education in district court. Both parties filed motions for summary judgment. The district court granted respondent's motion, determining that appellant failed to exhaust her administrative remedies. This appeal follows.

This court reviews a district court's order granting summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005); *see also Costello v. Casler*, 127 Nev. 436, 439, 254 P.3d

16-12423

631, 634 (2011). Summary judgment is proper if the pleadings and all other evidence on file demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Wood*, 121 Nev. at 729, 121 P.3d at 1029. When deciding a summary judgment motion, all evidence "must be viewed in a light most favorable to the nonmoving party." *Id.* General allegations and conclusory statements do not create genuine issues of fact. *Id.* at 731, 121 P.3d at 1030-31.

In general, prior to seeking district court relief from an agency decision, a party must first exhaust available administrative remedies. *Allstate Ins. Co. v. Thorpe*, 123 Nev. 565, 571, 170 P.3d 989, 993 (2007). However, there are exceptions to the exhaustion doctrine that allow a party to proceed directly to judicial review. *See Benson v. State Eng'r*, 131 Nev., Adv. Op. 78, 358 P.3d 221, 224 (2015). For instance, this court has discretion to alleviate the exhaustion requirement when the issues involved "relate solely to the interpretation or constitutionality of a statute." *State v. Glusman*, 98 Nev. 412, 419, 651 P.2d 639, 644 (1982). Further, this court has held that exhaustion is not required when administrative proceedings would have been "vain and futile." *Engelmann v. Westergard*, 98 Nev. 348, 353, 647 P.2d 385, 389 (1982).

Here, we conclude that appellant failed to exhaust her administrative remedies. Appellant did not follow UNR's formal grievance policy, or establish an exception to it, and has not shown how following the grievance policy would have been vain or futile. Further, in light of that failure, although appellant's grievance pertains to the interpretation of a regulation, this court is not required to hear the issue. Rather, this court does not have to consider the issue, and we decline to do so.

As a result, we conclude that the district court did not err when it granted summary judgment and concluded that appellant failed to exhaust her administrative remedies. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

cc:    Hon. Elliott A. Sattler, District Judge
Jonathan L. Andrews, Settlement Judge
Brian R. Morris
University of Nevada, Reno, Office of General Counsel
Washoe District Court Clerk