**135 Nev., Advance Opinion 49**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

NEVADA STATE BOARD OF ARCHITECTURE, INTERIOR DESIGN AND RESIDENTIAL DESIGN,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE KATHLEEN E. DELANEY, DISTRICT JUDGE,
Respondents,
    and
DENNIS E. RUSK,
Real Party in Interest.

No. 76792

FILED

OCT 03 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Original petition for a writ of prohibition challenging a district court order denying a motion to dismiss a petition for judicial review in a professional licensing matter.

*Petition granted.*

Louis A. Ling, Reno,
for Petitioner.

Nersesian & Sankiewicz and Robert A. Nersesian, Las Vegas,
for Real Party in Interest.

BEFORE HARDESTY, STIGLICH and SILVER, JJ.

*OPINION*

By the Court, STIGLICH, J.:

We grant this petition for a writ of prohibition to clarify that premature petitions for judicial review do not vest subject matter jurisdiction in the district court. A petition for judicial review may not precede the administrative agency decision it contests, and the agency decision must satisfy NRS 233B.125 in order to constitute a decision subject to judicial review. The underlying petition for judicial review was filed after the administrative agency stated its disposition on the record, but that utterance did not include findings of fact and conclusions of law with a concise and explicit statement of the underlying facts in support. The disposition that was stated on the record accordingly did not constitute a final decision for purposes of commencing the period set forth in NRS 233B.130(2)(d) in which an aggrieved party may seek judicial review. Consequently, because the underlying petition for judicial review was filed before the administrative agency's written order, which did constitute a final decision, the petition failed to comply with the relevant statutory requirements. Accordingly, the petition did not vest jurisdiction in the district court. Dismissal is an appropriate remedy where the district court lacks jurisdiction. Because the district court incorrectly concluded that the agency's oral decision as stated on the record was subject to challenge by judicial review when it denied petitioner's motion to dismiss, we grant the petition for a writ of prohibition and direct the district court to grant petitioner's motion to dismiss.

## FACTS AND PROCEDURAL HISTORY

Real party in interest Dennis Rusk was a licensed architect in Nevada. In 2011, the Nevada State Board of Architecture, Interior Design and Residential Design (Board) held a hearing on two complaints that alleged that Rusk's designs failed to include required fire-and-life-safety design elements. The Board concluded that Rusk violated Nevada law and ordered that Rusk pay a fine, pay the Board's fees and costs, complete certain courses while his registration as an architect was placed on probation, and submit to related conditions on these mandates. Rusk petitioned the district court for judicial review of the Board's decision, and the district court affirmed. Rusk appealed that affirmance to this court, and we dismissed the appeal for failure to timely file an opening brief. *Rusk v. Nev. State Bd. of Architecture, Interior Design & Residential Design*, Docket No. 61844 (Order Dismissing Appeal, July 30, 2013).

In 2016, Rusk moved to vacate the Board's disciplinary order in light of newly discovered evidence, and the Board denied Rusk's motion. The district court granted Rusk's subsequent petition for judicial review and remanded to the Board with a mandate to consider whether to vacate its 2011 disciplinary order in light of newly discovered evidence. On October 25, 2017, the Board held a hearing pursuant to the district court's mandate and unanimously passed an oral motion to deny Rusk relief and uphold the original disciplinary order. The Board stated its disposition on the record without discussing specific findings of fact or conclusions of law supporting its decision and announced that a written order would be forthcoming. On November 9, 2017, before the Board filed its written order,

Rusk petitioned for judicial review of the Board's oral October 25 decision. On December 1, 2017, the Board issued its written order. On January 9, 2018, and without Rusk having supplemented his petition after the Board's December 1 order, the Board moved to dismiss Rusk's petition as jurisdictionally infirm. The district court denied the Board's motion, concluding that the Board's oral decision at the October 25 hearing was a sufficient basis for Rusk's petition for judicial review. The Board petitioned this court for a writ of prohibition to challenge the district court's order denying its motion to dismiss.

## DISCUSSION

The Board petitions for a writ of prohibition, arguing that NRS 233B.130(2)(d) sets forth a mandatory jurisdictional requirement and that the district court did not have jurisdiction to consider Rusk's petition for judicial review because he did not file it in the 30-day period after the Board's written decision. Whether a district court may exercise jurisdiction over a premature petition for judicial review is a matter of first impression.

A writ of prohibition may issue when a district court acts without or in excess of its jurisdiction and the petitioner lacks a plain, speedy, and adequate remedy at law. NRS 34.320; NRS 34.330; *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Whether a writ of prohibition will issue is within this court's sole discretion. *Smith*, 107 Nev. at 677, 818 P.2d at 851. Petitioners bear the burden of showing that this court's extraordinary intervention is warranted. *Club Vista Fin. Servs., LLC v. Eighth Judicial Dist. Court*, 128 Nev. 224, 228, 276 P.3d 246, 249 (2012). This case presents a jurisdictional issue of first

impression and accordingly warrants consideration on the merits. *See Bd. of Review, Nev. Dep't of Emp't v. Second Judicial Dist. Court*, 133 Nev. 253, 255, 396 P.3d 795, 797 (2017).

*An administrative agency's order must contain detailed findings of fact and conclusions of law to constitute a final decision for purposes of judicial review*

Before considering the effect of a prematurely filed petition for judicial review, we must determine whether the Board's oral October 25, 2017, order constituted a final decision for purposes of NRS Chapter 233B.

We review matters of statutory interpretation de novo. *Liberty Mut. v. Thomasson*, 130 Nev. 27, 30, 317 P.3d 831, 833 (2014). Nevada's Administrative Procedure Act (NAPA), codified at NRS Chapter 233B, provides for judicial review of administrative decisions. *Id.* at 30, 317 P.3d at 834. NRS 233B.130(2)(d) requires a petition to be filed after service of an administrative agency's *final* decision. NRS 233B.125 provides that a final decision "must be in writing or stated in the record[,] . . . must include findings of fact and conclusions of law, . . . must be based upon a preponderance of the evidence[,] . . . [and] must be accompanied by a concise and explicit statement of the underlying facts supporting the findings." The final decision requirements ensure that the decision has sufficient detail to satisfy due process and permit judicial review. *State, Dep't of Commerce v. Hyt*, 96 Nev. 494, 496, 611 P.2d 1096, 1098 (1980).

The Board's statement of its disposition in the record lacked the requisite findings of fact and conclusions of law to constitute a final decision pursuant to NRS 233B.125. At the conclusion of the October 25, 2017, hearing, one of the board members moved to uphold the Board's 2011

disciplinary order, the motion was seconded, the board members unanimously voted to affirm the 2011 order, and the chairman announced that a written order would be drafted and circulated. No further statement of the decision's basis or reasoning was made. A board member assented to Rusk's counsel that nothing would take effect and no limitations period would begin to run until the written order was produced.[1] As the Board's October 25 disposition as stated in the record summarily presented its ruling without any further legal or factual explanation, the October 25 disposition was not a final decision under NRS 233B.125 for purposes of commencing the NRS 233B.130(2)(d) filing period. *See Poremba v. S. Nev. Paving*, 133 Nev. 12, 14, 20, 388 P.3d 232, 235, 239 (2017) (concluding that an administrative appeals officer's summary disposition without detailed

---

[1]The following colloquy between Rusk's counsel Robert Nersesian and board members took place:

> Mr. Mickey: . . . Motion carries. With that, I believe the next step is that we must draw up an order. So he if—I—I can't if you would get that please and we could go ahead and get the order crafted. Thank you.
>
> Mr. Nersesian: Thank you.
>
> Mr. Mickey: And we will adjourn.
>
> Mr. Nersesian: So I will get an order and nothing is effective and no time frames are running until I get the order?
>
> Ms. Long: That's correct.
>
> Mr. Nersesian: Okay.

findings of fact or conclusions of law did not satisfy NRS 233B.125); *Dickinson v. Am. Med. Response*, 124 Nev. 460, 469, 186 P.3d 878, 884 (2008) (same). In contrast, the Board's December 1, 2017, written order contains a thorough explanation of the procedural history of this dispute, detailed findings of fact regarding Rusk's professional performance and whether the disputed evidence showed that Rusk met his professional standard of care, and the Board's legal conclusion after considering Rusk's new evidence that Rusk violated Nevada law with regard to his work on the projects, as alleged in the original disciplinary complaint. Accordingly, we conclude that the period for Rusk to file a petition for judicial review to challenge the Board's disposition did not begin to run with its October 25 oral decision but rather with its December 1 written order and that Rusk's November 9 petition for judicial review was prematurely filed.

Rusk's arguments to the contrary are unpersuasive. Rusk's argument that the October 25 oral order adopted the Board's original 2011 disciplinary order and thus incorporated the 2011 findings of fact and conclusions of law fails because the purpose of the 2017 hearing was to investigate whether newly discovered evidence provided cause to vacate the 2011 order. Accordingly, new findings of fact and conclusions of law were required to comply with the district court's mandate to the Board, and a petition for judicial review of the Board's 2017 disposition would need to challenge the basis for that 2017 disposition. Further, Rusk's reliance on *Commission on Human Rights & Opportunities v. Windsor Hall Rest Home*, 653 A.2d 181 (Conn. 1995), is misplaced because that decision is

distinguishable. Unlike here, the administrative officer in *Windsor Hall* orally stated thorough factual findings and legal conclusions that supported the commission's decision, such that the basis for the decision was clear and adequate for judicial review. 653 A.2d at 183-84. The Board did not proffer findings and conclusions supporting and explaining its disposition until it produced the December 1 written order.

*A prematurely filed petition for judicial review does not vest jurisdiction in the district court*

We look to the statutory language of NRS 233B.130(2) to determine whether a prematurely filed petition for judicial review may be considered. Petitions for judicial review must name the agency and all parties of record to the administrative proceeding as respondents; be filed in the district court in Carson City, in the county where the petitioner resides, or in the county where the agency proceeding took place; be served on the Attorney General or a person designated by the Attorney General and on the person serving in the named agency's administrative head's office; and "[b]e filed within 30 days after service of the final decision of the agency." NRS 233B.130(2). Where a statute's meaning is unambiguous, we give effect to the plain meaning of its language. *Bd. of Review*, 133 Nev. at 255, 396 P.3d at 797. NRS 233B.130(2) plainly states that the petition must be filed *after* service of the final decision. Rusk filed his petition 22 days *before* the Board's order was filed, let alone served. A prematurely filed petition like Rusk's thus does not satisfy the NRS 233B.130(2) requirements. Rusk's argument that the provision creates a filing deadline, rather than a filing period, fails because the petition must be filed "within

SUPREME COURT
OF
NEVADA

(O) 1947A

30 days after," creating a period *within* which the relevant act must occur. We have held that the requirements to name the agency, file the petition in the proper venue, serve the petition on the Attorney General, and file the petition within 30 days of the decision are mandatory and jurisdictional. *Heat & Frost Insulators & Allied Workers Local 16 v. Labor Comm'r*, 134 Nev. 1, 4, 408 P.3d 156, 159 (2018); *see also Washoe Cty. v. Otto*, 128 Nev. 424, 432, 282 P.3d 719, 725 (2012) (requiring strict compliance with statutory requirements for petitions for judicial review). Insofar as Rusk argues that he had to file his petition prematurely to avoid being procedurally barred had the Board's oral decision been a final decision, this contention does not excuse his failure to satisfy the procedural requirements of NRS 233B.130(2). Moreover, Rusk's counsel was explicitly told that the Board's decision would not take effect and the limitations period would not begin until the written order was produced. We conclude that a premature petition for judicial review does not satisfy the jurisdictional requirement to timely file the petition. Accordingly, Rusk's premature petition for judicial review did not vest jurisdiction in the district court.

Supreme Court
OF
Nevada

(O) 1947A

*CONCLUSION*

Because the district court lacked jurisdiction over Rusk's petition for judicial review, we grant the Board's petition for extraordinary relief. The clerk of this court shall issue a writ of prohibition directing the district court to grant the Board's motion to dismiss Rusk's petition for judicial review for lack of jurisdiction.[2] In light of this opinion, we vacate the stay previously imposed by this court on October 12, 2018.

_____, J.
Stiglich

We concur:

_____, J.
Hardesty

_____, J.
Silver

---

[2]Rusk's reliance on *Las Vegas Fetish & Fantasy Halloween Ball, Inc. v. Ahern Rentals, Inc.*, 124 Nev. 272, 182 P.3d 764 (2008), is misplaced, as that case is distinguishable. That decision treated the date to file a memorandum of costs as creating a filing deadline, rather than a filing period, and thus permitted a prematurely filed memorandum. 124 Nev. at 278, 182 P.3d at 768. Unlike the statutory requirements here, however, a memorandum of costs is not jurisdictional, *Eberle v. State ex rel. Nell J. Redfield Tr.*, 108 Nev. 587, 590, 836 P.2d 67, 69 (1992), because the statute specifically permits the court to grant additional time, *see* NRS 18.110(1); *Adelson v. Harris*, 774 F.3d 803, 810 (2d Cir. 2014) (observing that Nevada statutes that permit the court to extend a time period are not jurisdictional). The court lacks such discretion as to a petition for judicial review, *Otto*, 128 Nev. at 434-35, 282 P.3d at 727, and thus *Las Vegas Fetish & Fantasy* is not instructive here.

SUPREME COURT
OF
NEVADA

(O) 1947A