LABOR COMMISSIONER OF THE STATE OF NEVADA, APPELLANT, *v.* KODY LITTLEFIELD AND SOUTHERN NEVADA OPERATING ENGINEERS CONTRACT COMPLIANCE TRUST, RESPONDENTS.

No. 46326

March 8, 2007                                            153 P.3d 26

*Catherine Cortez Masto*, Attorney General, and *Dennis L. Belcourt*, Deputy Attorney General, Carson City, for Appellant.

*McCracken Stemerman Bowen & Holsberry* and *Andrew J. Kahn*, Las Vegas, for Respondents.

Before the Court EN BANC.

## OPINION

*Per Curiam:*

In this appeal, we address whether the Labor Commissioner's decision to delete soils tester and equipment greaser classifications from his annual prevailing wage publication constituted ad hoc rulemaking, in violation of the Nevada Administrative Procedure Act (APA).[1] Because the addition, deletion, or substantial modification of worker classifications under prevailing wage laws establishes a directive of general applicability instructing whether certain worker groups are entitled to the applicable prevailing wage, we conclude that such determinations constitute rulemaking activity governed by the APA. Thus, in this case, the district court properly enjoined the Labor Commissioner from deleting the soils tester and equipment greaser classifications from the annual prevailing wage list without first complying with the APA.

### FACTS AND PROCEDURAL HISTORY

In Nevada, the Labor Commissioner is charged with administering and enforcing prevailing wage laws, which govern the wages of workers employed on public works projects.[2] As part of his duties, the Commissioner is required to determine and publish, annually, the prevailing wage in each county for "each craft or type of work."[3] Moreover, in determining prevailing wages, the Commissioner is inherently obliged to classify different jobs.[4]

In June 2003, respondents Kody Littlefield and Southern Nevada Operating Engineers Contract Compliance Trust (collectively, Littlefield) filed a petition for a writ of mandamus in the district

---

[1]NRS Chapter 233B.

[2]*See* NRS 338.010-.090; *see also* NRS 607.160(1)(a) (providing that the Commissioner "[s]hall enforce all labor laws of the State of Nevada").

[3]NRS 338.030(1); *see generally* NRS 338.030. Under NAC 338.040, the Commissioner's determination of prevailing wages becomes effective October 1 of the year in which it was issued and remains effective as to all projects bid for one year, unless amended, or until the effective date of a subsequent applicable determination.

[4]*City Plan Dev. v. State, Labor Comm'r*, 121 Nev. 419, 432, 117 P.3d 182, 190 (2005) ("The Labor Commissioner's determination of the craft or work classification is an inherent part of the process[;] [t]herefore, the Labor Commissioner is obligated to define a classification or type of work and then to determine the prevailing wage for that classification.").

court alleging that the Labor Commissioner abused his discretion when he refused to enforce the published prevailing wage for soils testers during Littlefield's employment, and when he deleted soils testers as a covered classification from the 2002-03 prevailing wage list. Littlefield claimed that removing this classification from the prevailing wage list constituted rulemaking in disregard of the procedures set forth by the APA. The parties agreed to stay the proceedings pending our decision in a related matter, *Southern Nevada Operating Engineers v. Labor Commissioner*.[5]

On September 20, 2005, following our decision in *Southern Nevada Operating Engineers*, the Commissioner posted his prevailing wages list for the October 1, 2005, through September 30, 2006, period. This list again omitted the "soils tester" classification and, for the first time, left off the "equipment greaser" classification.

In response to the 2005-06 prevailing wages list, Littlefield applied for a temporary restraining order (TRO) and a preliminary injunction, seeking to preclude the Commissioner from deleting the soils tester and equipment greaser classifications without first complying with the rulemaking procedures set forth by the APA. The district court granted the TRO and, after a hearing, the preliminary injunction. The injunction directed the Commissioner to continue posting the soils tester and equipment greaser job classifications as part of the prevailing wages list. In addition, the district court ordered the Commissioner to refrain from deleting those classifications from any future prevailing wages list unless the Commissioner first satisfies APA rulemaking procedures. This appeal followed.

## DISCUSSION

The sole issue in this appeal concerns the district court's preliminary injunction preventing the Commissioner from eliminating two job classifications—"soils tester" and "equipment greaser"—from the 2005-06 prevailing wages list without first complying with the APA.

### Standard of review

Determining whether to grant or deny a preliminary injunction is within the district court's sound discretion.[6] In exercising its discretion, the district court must determine whether the moving

---

[5]121 Nev. 523, 119 P.3d 720 (2005).

[6]*S.O.C., Inc. v. The Mirage Casino-Hotel*, 117 Nev. 403, 407, 23 P.3d 243, 246 (2001).

party has shown a likelihood of success on the merits and that the nonmoving party's conduct, should it continue, would cause irreparable harm, for which there is no adequate legal remedy.[7] Generally, this court reviews preliminary injunctions for abuse of discretion.[8] Questions of law, however, are reviewed de novo.[9] As this appeal presents the legal question of whether the Commissioner must comply with the APA's rulemaking procedures before issuing the annual prevailing wages list, our review is de novo.[10]

### The Nevada Administrative Procedure Act

The APA establishes the minimum procedural requirements, such as notice and hearing, with which nonexempt state government agencies must comply when creating rules for carrying out their regulatory powers.[11] Generally, unless a statute specifies a shorter period, an agency is required to give thirty days' notice of any proposed rulemaking.[12] During this time, the agency must give interested persons a reasonable opportunity to present views on the proposal, and thereafter hold a public hearing before adopting the proposal.[13]

When an agency's action is challenged as violating the APA's notice and hearing requirements, it must be determined whether the agency engaged in rulemaking, such that the APA's safeguards for promulgating regulations apply, or whether the agency merely made an "interpretive ruling," in which case the APA rulemaking provisions do not apply.[14] An agency engages in rulemaking when it promulgates, amends, or repeals "[a]n agency rule, standard, directive or statement of general applicability which effectuates or in-

---

[7]*State, Dep't of Conservation v. Foley*, 121 Nev. 77, 80, 109 P.3d 760, 762 (2005).

[8]*S.O.C., Inc.*, 117 Nev. at 407, 23 P.3d at 246.

[9]*Id.*

[10]The Commissioner does not contest the district court's irreparable harm finding.

[11]*State Farm Mut. v. Comm'r of Ins.*, 114 Nev. 535, 543, 958 P.2d 733, 738 (1998); *see also* NRS 233B.039 (governing the APA's applicability to certain governmental agencies).

[12]NRS 233B.060(1).

[13]*See* NRS 233B.061.

[14]*State Farm Mut.*, 114 Nev. at 543, 958 P.2d at 738; *see also Southern Nevada Op. Eng'rs*, 121 Nev. at 528, 119 P.3d at 724 ("When an agency engages in conduct that constitutes the making of a regulation, it must adhere to the notice and hearing requirements set forth under NRS 233B.060 and 233B.061."); NRS 233B.060(1) (specifying the APA's notice and hearing procedures).

terprets law or policy, or describes the organization, procedure or practice requirements of any agency."[15] An "interpretive ruling," on the other hand, "is merely a statement of how the agency construes a statute or a regulation according to the specific facts before it."[16]

Thus, here, we must determine whether, as a legal matter, the Commissioner's deletion of soils tester and equipment greaser classifications from the annual prevailing wages list constituted rulemaking or merely an interpretive ruling. We conclude that, when the Commissioner adds, deletes, or substantially modifies worker classifications, that action constitutes rulemaking, and thus, he must first comply with the APA's rulemaking requirements. We reach this conclusion for three reasons. First, such action falls within the definition of a regulation under NRS 233B.038. Second, there is no express or implied exemption from the APA for adding, deleting, or substantially modifying worker classifications. Third, policy considerations support this result.

*Additions, deletions, and substantial modifications of worker classifications amount to regulations under NRS 233B.038(1)*

First, because the definition of a "regulation" encompasses the addition, deletion, and substantial modification of worker classifications under NRS Chapter 338, such determinations are subject to the APA's rulemaking requirements.

The annual prevailing wages list serves at least three purposes: it (1) clarifies what classes of workers are eligible to receive a prevailing wage, (2) places eligible workers into classifications based on the type of work performed, and (3) specifies the prevailing wage rate for eligible workers in the locale where the work is to be performed.[17]

With respect to the prevailing wages list's first purpose, clarifying worker eligibility, NRS 338.040(1) deems those workers who are "[e]mployed at the site of the public work" and "[n]ecessary in the execution of the contract for the public work" to be employed on public works (and thus eligible for the applicable prevailing wage). NRS 338.040(2) charges the Commissioner with interpreting this language and defining by regulation the circumstances under which a worker meets these two eligibility requirements. Separately, NRS 338.012 provides that "[t]he Labor

---

[15]NRS 233B.038(1)(a)-(c); *see also* NRS 233B.038(1)(d) (providing an additional definition of "regulation").

[16]*State Farm Mut.*, 114 Nev. at 543, 958 P.2d at 738 (citing *General Motors Co. v. Ruckelshaus*, 742 F.2d 1561, 1565 (D.C. Cir. 1985)).

[17]*See* NRS 338.030; NRS 338.040; NAC 338.009.

Commissioner may adopt such regulations as are necessary to enable him to carry out his duties pursuant to the provisions of [NRS Chapter 338]."

While the Commissioner has complied with NRS 338.040(2) and, through NAC 338.009,[18] has set forth general definitions of the two eligibility requirements, his responsibilities under the APA do not end there. Rather, when the Commissioner generally applies these interpretations to public workers by adding, deleting, or substantially modifying worker classifications, he establishes a directive of general applicability, which constitutes rulemaking under the APA.

In *Southern Nevada Operating Engineers*, we recognized that the prevailing wage list "effectuates prevailing wage laws and policy by establishing the rates that apply to certain detailed classifications of workers."[19] Consequently, when the Commissioner concluded, in the context of a contested case, that a specific classification was improperly included on the prevailing wages list, he "effectively altered a prior regulation" without completing the notice and hearing procedures, in violation of the APA.[20] We further noted that, when the Commissioner's action affects "a large group of individuals," he is not merely interpreting a rule by determining, "according to the facts, if an individual falls within a given pre-defined classification on the prevailing wage list."[21] Instead, he is rendering "a statement of general applicability that effectuates his office's policy that [the group is] not included under Nevada's prevailing wage law."[22] Thus, the Commissioner's modification of the prevailing wages list in this manner is "subject to the APA's rulemaking requirements."[23] In addition, we observed in a footnote that "[i]f the Labor Commissioner mistakenly added the job of soils testers to its list of classifications, he should have removed it only after providing the opportunity for notice and a hearing."[24]

---

[18]As amended in 2004, NAC 338.009 defines "necessary in the execution of the contract for the public work" as "the performance of duties required to construct, alter or repair the public work and without which the public work could not be completed," and " '[e]mployed at the site of a public work' to mean the performance of work in the execution of a contract for a public work at the physical place or places at which the work is performed or at which a significant portion of the public work is constructed, altered or repaired if such place is established specifically for the execution of the contract for the public work or dedicated exclusively, or nearly so, to the execution of the contract for the public work."

[19]121 Nev. 523, 529, 119 P.3d 720, 725 (2005).

[20]*Id.* at 529-30, 119 P.3d at 725.

[21]*Id.* at 530, 119 P.3d at 725.

[22]*Id.* at 531, 119 P.3d at 726.

[23]*Id.*

[24]*Id.* at 532 n.18, 119 P.3d at 727 n.18.

Similarly, in this case, when the Commissioner deleted soils testers and equipment greasers, his determination was a generally applicable directive amounting to a regulation under the APA. Because additions, deletions, or substantial modifications of worker classifications amount to directives of general applicability, which establish policies and interpret law, such determinations implicate the APA.

*NRS Chapter 233B contains no express exemption from the APA rulemaking requirements, nor is such an exemption implied*

Second, NRS Chapter 233B does not contain an express exemption for worker classification determinations, nor is an exemption implied. NRS 233B.039 lists the circumstances under which certain agencies are exempt from the requirements of the APA, and as the Commissioner concedes, the statute does not mention him or the prevailing wages list. However, the Commissioner contends that an implied exemption exists in light of the procedural requirements of NRS 338.030, which governs the annual publication of prevailing wage rates. Under that statute, certain persons may challenge the Commissioner's prevailing wages list within thirty days of its issuance.[25] The Commissioner is then required to hold a hearing in the locality in which the work is to be executed.[26] In addition, the Commissioner must hold a hearing if he is in doubt as to the prevailing wage.[27] In either situation, the hearing is a contested case within the meaning of the Nevada APA.[28] According to the Commissioner, compliance with both NRS 338.030 and the APA is impractical, and thus, an implied exemption from the APA exists.

The procedure set forth in NRS 338.030 applies specifically to prevailing wage determinations and the publication of the annual wage rate list. Thus, as we recognized in *Southern Nevada Operating Engineers*, because the decision to delete soils testers from the prevailing wages list "had the effect of removing an entire classification from the prevailing wage list, thereby changing

---

[25]NRS 338.030(2).

[26]NRS 338.030(3)(b).

[27]NRS 338.030(3)(a).

[28]*State of Nevada v. City of Fallon*, 100 Nev. 509, 517, 685 P.2d 1385, 1390 (1984). The Legislature developed this procedure in response to our decision in *State of Nevada v. City of Fallon*, where we held that the Commissioner's failure "to accept relevant evidence and to accord interested parties affected by his action a reasonable opportunity to be heard renders his [prevailing wage rate determination] invalid as based upon unlawful procedure." *Id.* at 517, 685 P.2d at 1390-91.

the wage due to all 'soils testers,' it . . . constitute[d] action under NRS 338.030 which any interested parties should have been provided the opportunity to challenge.'[29] Requiring compliance with NRS 338.030 and the APA in this context, however, will not overly burden the Commissioner because the APA only applies to determinations that add, delete, or substantially modify worker classifications. The APA's notice and hearing requirements do not apply to decisions that merely set prevailing wage rates or place individual workers into specific classes; nor does the APA apply to the extent that worker classifications remain the same from year to year. The APA only applies with respect to classifications that are added, deleted, or substantially modified. Accordingly, requiring compliance with the APA in this limited fashion is not overly burdensome.

As the APA does not expressly exempt determinations of the type made in this case, and we can find no reason to imply an exemption under these circumstances, we conclude that the Commissioner must comply with the APA's notice and hearing requirements before adding, deleting, or substantially modifying worker classifications in the annual prevailing wages list.

*Policy considerations support our conclusion that additions, deletions, and substantial modifications of worker classifications amount to rulemaking under the APA*

Third, APA compliance will afford interested parties with proper notice of possible additions, deletions, and substantial modifications to worker classifications. In this case, soils tester and equipment greaser classifications were deleted from the prevailing wages list without notice of that possibility. Requiring the Commissioner to comply with the APA *before* adding, deleting, or substantially modifying worker classifications ensures that all affected parties are provided with a chance to challenge the Commissioner's classifications *before* those classifications become effective.[30] Moreover, APA notice and hearing requirements allow for greater participation by the public and oversight by the Legislative Counsel.[31] Thus, these additional policy considerations support our conclusion that the Commissioner must comply with the APA's

---

[29]121 Nev. at 532, 119 P.3d at 727.

[30]The objection process under NRS Chapter 338 does not protect the notice interest because it potentially allows parties to challenge the Commissioner's decisions only *after* they become effective.

[31]*See* NRS 233B.060(1); NRS 233B.0603(3); NRS 233B.0608(1); NRS 233B.061(2); NRS 233B.061(3); NRS 233B.063(1); NRS 233B.064(1); NRS 233B.064(2); NRS 233B.065; NRS 233B.0653; NRS 233B.0656; NRS 233B.0658; NRS 233B.066; NRS 233B.0665; NRS 233B.067.

rulemaking procedures before adding, deleting, or substantially modifying worker classifications under NRS Chapter 338.

## CONCLUSION

With respect to the Labor Commissioner's annual prevailing wages list, we conclude that he must comply with the APA before adding, deleting, or substantially modifying worker classifications. Thus, when the Commissioner deleted the soils tester and equipment greaser classifications from the 2005-06 prevailing wage rate list without first complying with the APA's notice and hearing requirements, he engaged in ad hoc rulemaking. For this reason, the district court did not abuse its discretion when it enjoined the Commissioner from deleting the soils tester and equipment greaser classifications from the annual prevailing wage rate list without first complying with the APA. Accordingly, we affirm the district court's preliminary injunction.