# IN THE SUPREME COURT OF THE STATE OF NEVADA

HOSPITALITY INTERNATIONAL GROUP, A FOREIGN COMPANY DOING BUSINESS IN NEVADA; DAVID WU, INDIVIDUALLY; LEON WU, INDIVIDUALLY; YOLANDA WU, INDIVIDUALLY; BOBBY SABAS, INDIVIDUALLY; HRE HOLDING, LLC, A NEVADA LIMITED LIABILITY COMPANY; LILLIAN LIU, INDIVIDUALLY; LELANDA INVESTMENTS, LLC, A NEVADA LIMITED LIABILITY COMPANY; L&B NATIONAL ENTERPRISES, INC., A NEVADA CORPORATION; YKS PARIS, LLC, A NEVADA LIMITED LIABILITY COMPANY; RATHAUS HMP, LLC; FRANK MANELLA, INDIVIDUALLY; AND MANELLA DEVELOPMENT, LLC, A FLORIDA LIMITED LIABILITY COMPANY,
Appellants,
vs.
GRATITUDE GROUP, LLC, A FOREIGN LIMITED LIABILITY CORPORATION,
Respondent.

No. 69585

FILED

DEC 02 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART AND DISMISSING IN PART

This is an appeal from a district court order granting motions for a preliminary injunction and to appoint a receiver. Eighth Judicial District Court; Douglas Smith, Judge.

In December 2015, respondent Gratitude Group, LLC, moved for a temporary restraining order and to appoint a receiver to protect its interest in joint restaurant ventures with appellant Hospitality

International Group. By orders dated December 18, 2015, the district court granted Gratitude's motion for a temporary restraining order, directed Hospitality and its co-defendants to show cause why a receiver should not be appointed, and set a December 29, 2015 hearing date on the motion for a preliminary injunction and order to show cause. After additional briefing on these and other matters, and abbreviated oral argument, the trial court granted the preliminary injunction and entered an order stating it would appoint a receiver to be named at a later status check. The written order memorializing these rulings was filed January 5, 2016.

Hospitality and the other named defendants appeal. They argue that: (1) Gratitude did not submit sufficient evidence to justify preliminary injunctive relief, an omission the district court exacerbated by not convening an evidentiary hearing on the motion for preliminary injunction; (2) the order lacked the specificity needed to make it enforceable; and (3) some of the named defendants (Leland, L&B, YKS, Rathaus) were not served until December 30, 2015, the day after the oral-argument hearing, or later (the Manella defendants), invalidating the order(s) as to them. They also complain that the record did not justify appointing a receiver.

Before reaching Hospitality's arguments, we first address jurisdiction. NRAP 3A(b)(3) creates a right of interlocutory appeal from orders "granting or refusing to grant an injunction or dissolving or refusing to dissolve an injunction." Such jurisdiction is limited to preliminary or permanent injunctions; it does not reach temporary restraining orders, which are too short-lived to sustain interlocutory appellate review. *See Sicor, Inc. v. Sacks*, 127 Nev. 896, 900, 266 P.3d

Supreme Court
OF
Nevada

(O) 1947A

2

618, 620 (2011). The January 5, 2016 order referenced in the notices of appeal is entitled "temporary restraining order," not preliminary injunction. Functionally, though, the January 5 order operates as a preliminary injunction in that its duration exceeds the 15 days a temporary restraining order can last, *see* NRCP 65(b), and it was issued on Gratitude's motion for preliminary injunctive relief, after entry of the December 18, 2015 order, also titled "temporary restraining order." We thus conclude that we have jurisdiction to review the grant of preliminary injunctive relief.

But, that jurisdiction does not extend to Hospitality's receivership issues. While NRAP 3A(b)(4) provides for interlocutory review of orders "appointing or refusing to appoint a receiver or vacating or refusing to vacate an order appointing a receiver," neither the January 5 order nor any other order encompassed by the notices of appeal appoints, or refuses to appoint, a receiver. All the January 5 order does is declare the district court's intention of appointing a receiver to-be-named-later, with duties also awaiting description. *See* 1/15/2016 Order (stating that "a Receiver is appointed in this matter, and will be determined at a [subsequent] status check."). An order must in fact appoint an actual receiver before this court can undertake interlocutory review under NRAP 3A(b)(4). Any other rule would invite piecemeal review at considerable cost to the parties and loss of judicial efficiency. *See Wells Fargo Bank, N.A. v. O'Brien*, 129 Nev., Adv. Op 71, 310 P.3d 581, 582 (2013). We therefore dismiss Hospitality's appeal to the extent it purports to be from an order appointing a receiver in this case.

The grant or denial of preliminary injunctive relief is entrusted to the sound discretion of the district court, *Labor Comm'r of*

*State of Nev. v. Littlefield*, 123 Nev. 35, 38, 153 P.3d 26, 28 (2007), which we review deferentially, for abuse, *S.O.C., Inc. v. Mirage Casino-Hotel*, 117 Nev. 403, 407, 23 P.3d 243, 246 (2001). The moving party bears the burden of providing testimony, exhibits, or documentary evidence to support its request for an injunction. *Coronet Homes, Inc. v. Mylan*, 84 Nev. 435, 437, 442 P.2d 901, 902 (1968); *compare* 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil*, § 2949, at 237 (2013) (to sustain a preliminary injunction, "[e]vidence that goes beyond the unverified allegations of the pleadings and motion papers must be presented"), *with Las Vegas Novelty, Inc. v. Fernandez*, 106 Nev. 113, 787 P.2d 772 (1990) (noting that NRCP 65 was drawn from an earlier version of FRCP 65, making it appropriate to look to federal cases and treatises in construing our rule).

Hospitality asserts that Gratitude presented no evidence to support its motion for injunctive relief. The record belies this assertion. While Gratitude did not present evidence in support of the December 18, 2015 temporary restraining order, the record does contain evidence that supports the January 5, 2016 preliminary injunction. Specifically, Gratitude produced over 20 pages of documentary evidence to support its claims, including the sworn declaration of Yvonne Guo in which she attests to having personal knowledge of the allegations of the second amended complaint;[1] Gratitude's membership certificate for the Young

---

[1]We recognize that the separate verification was defective in that it purported to verify non-existent answers to interrogatories, not the operative pleading which was, at the time, the second amended complaint. However, the Guo declaration effectively verifies the second amended complaint.

Kong Street venture; and the YKS operating agreement. This evidence was augmented by Hospitality's submission of the Rathaus operating agreement and related materials, which were also before the court, albeit in the context of Hospitality's motions to dismiss and to dissolve the temporary restraining order. While an evidentiary hearing is normally appropriate, "a preliminary-injunction motion [may be decided] on written evidence when no conflict about the facts requires illumination by live testimony," 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *supra*, § 2949, at 249; *see* NRCP 78, especially where, as here, neither side asked to present witnesses and the nonmoving party did not offer competing evidence or proof of harm the injunction would cause.

To obtain a preliminary injunction, "the moving party must show that there is a likelihood of success on the merits and that the nonmoving party's conduct, should it continue, would cause irreparable harm for which there is no adequate remedy at law." *Dep't. of Conservation & Nat. Res., Div. of Water Res. v. Foley*, 121 Nev. 77, 80, 109 P.3d 760, 762 (2005). The district court's factual determinations will not be set aside unless clearly erroneous or unfounded. *Univ. & Cmty. Coll. Sys. v. Nevadans for Sound Gov't*, 120 Nev. 712, 721, 100 P.3d 179, 187 (2004).

Though conclusory, the Guo declaration and other evidence supported the district court's finding that Gratitude had shown a sufficient likelihood of success on the merits of its contract claims, and threat of irreparable harm, to justify preliminary injunctive relief. A breach-of-contract claim requires proof of a valid contract, performance or excuse of performance by the non-breaching party, breach by the defendant, *Bernard v. Rockhill Dev. Co.*, 103 Nev. 132, 135, 734 P.2d 1238,

1240 (1987), and damages. *See generally, Clark Cty. School Dist. v. Richardson Constr.*, 123 Nev. 382, 396, 168 P.3d 87, 96 (2007). Hospitality did not contest the contracts or Gratitude's performance of them. As for breach and damages, the district court determined that Hospitality and its principals failed to provide financial information and make distributions as required by the operating agreement(s), causing damage to Gratitude; and, that Hospitality and its principals intended to sell YKS and Rathaus without notifying Gratitude, which sale would subject Gratitude to loss of its initial investment, incalculable future losses, and damage to the goodwill and reputation of the entities. Also important to the district court, Hospitality and its principals appeared to have superior access to the evidence Gratitude would need to ultimately prove its claims, beyond the evidence Gratitude adduced to support preliminary injunctive relief. Granting preliminary injunctive relief based on these findings and this record did not amount to an abuse of discretion. *See also* 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *supra*, § 2949, at 239 (noting that the evidentiary standards that govern summary judgment practice do not strictly "apply in the Rule 65 context because a preliminary injunction only has the effect of maintaining the positions of the parties until the trial can be held; the order neither replaces the trial nor represents an adjudication of the merits").

Hospitality next argues that the preliminary injunction lacks the specificity NRCP 65(d) requires. Hospitality accepts that the order is sufficiently specific to the extent it enjoins "Defendants and their officers, agents, employees, and attorneys, and . . . those persons in active concert or participation with them from selling YKS or Rathaus." Its objection is to enjoining these individuals and entities from "issuing any distributions

Supreme Court
of
Nevada

(O) 1947A

6

and/or type of funds to any Defendant other than salary from YKS or Rathaus." The modifier "from YKS or Rathaus" is oddly placed. But Gratitude represents, and we accept, that the limitations placed on distributions are on distributions "from YKS or Rathaus," not distributions from unrelated third parties. Thus limited, this paragraph of the preliminary injunction order does not offend NRCP 65(d)'s specificity requirements.

Finally, Hospitality objects that some of the appellants (Leland, L&B, YKS, Rathaus) were not served until December 30, 2015, the day after the December 29, 2015 hearing on the preliminary injunction, while service on the Manella defendants was delayed even longer. The other defendants (Hospitality, David Wu, Leon Wu, Yolanda Wu, Bobby Sabas, HRE Holding LLC, and Lillian Liu) were all served earlier and appeared at the December 29 hearing through counsel. "A court does not ordinarily have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction." 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *supra*, § 2956, at 385-86; *see also* NRCP 65(a)(1) ("No preliminary injunction shall be issued without notice to the adverse party.") Whether the January 5, 2016 injunction order runs against the defendants served after the hearing but before its entry presents an issue the parties did not adequately brief. We do not need to reach it to resolve this appeal, though, since NRCP 65(d) provides that "[e]very order granting an injunction . . . is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them *who receive actual notice of the order by personal service or otherwise.*" (emphasis added). *See* 11A Charles Alan Wright,

Arthur R. Miller & Mary Kay Kane, *supra*, § 2956, at 386 (noting that, under the federal counterpart to NRCP 65(d), the "significant exception" to the rule requiring in personam jurisdiction over the party enjoined "involves nonparties who have actual notice of an injunction and are guilty of aiding or abetting or acting in concert with a named defendant or the defendant's privy in violating the injunction"). Given the interrelationship between the originally served and later-served defendants, and the apparent actual notice to the latter of the proceedings before and after entry of the January 5, 2016 order, the order is not invalidated by the delay in service on some of the named defendants whose activities the order may encompasses. *See also id.* at 392 ("an interested individual who is confused as to the applicability of an injunction to him or whether the scope of an order applies to certain conduct may request the granting court to construe or modify the decree.").

Accordingly,

We ORDER the judgment of the district court AFFIRMED IN PART AND DISMISSED IN PART, and REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Douglas Smith, District Judge
Thomas J. Tanksley, Settlement Judge
Aldrich Law Firm, Ltd.
Michael B. Lee
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A