136 Nev., Advance Opinion 87

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| SCOTT VINH DUONG, M.D.; ANNIE LYNN PENACO DUONG, M.D.; AND DUONG ANESTHESIA, PLLC, Appellants, vs. FIELDEN HANSON ISAACS MIYADA ROBISON YEH, LTD., Respondent. | No. 79460 FILED DEC 31 2020 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY_____ CHIEF DEPUTY CLERK |

Appeal from a district court order partially granting a motion for a preliminary injunction based on a noncompetition agreement. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

*Affirmed.*

Howard & Howard Attorneys PLLC and Jonathan W. Fountain, Martin A. Little, Ryan T. O'Malley, and William A. Gonzalez, II, Las Vegas, for Appellants.

Dickinson Wright PLLC and Michael N. Feder and Gabriel A. Blumberg, Las Vegas, for Respondent.

BEFORE PARRAGUIRRE, HARDESTY and CADISH, JJ.

*OPINION*

By the Court, CADISH, J.:

The issue in this appeal is whether the district court may blue-pencil an otherwise unenforceable noncompetition agreement pursuant to a

provision therein allowing court modification to redeem unreasonably restrictive clauses. In *Golden Road Motor Inn, Inc. v. Islam*, 132 Nev. 476, 488, 376 P.3d 151, 159 (2016), we held that district courts cannot, on their own, blue-pencil a noncompetition agreement to remove unreasonably restrictive, and thus unenforceable, aspects without addressing whether they may do so when a noncompetition agreement contains an express blue-penciling provision, like the agreement here. We hold that *Golden Road* does not prohibit a district court from blue-penciling an unreasonable noncompetition agreement if the agreement itself allows for it. We therefore affirm the district court's order granting a preliminary injunction based on the blue-penciled noncompetition agreement.

## FACTS AND PROCEDURAL HISTORY

Appellants Scott and Annie Duong are anesthesiologists working in Clark County, Nevada. They initially worked for Premier Anesthesia Consultants. When Premier Anesthesia Consultants merged with U.S. Anesthesia Partners, the Duongs worked under respondent Fielden Hanson Isaacs Miyada Robison Yeh, Ltd. (Fielden Hanson). In 2016, shortly after the merger, Fielden Hanson required the Duongs to sign an employment contract if they wished to continue their employment. The agreement had a noncompetition clause that prohibited the Duongs from working at several facilities. The agreement also contained a blue-penciling provision providing that, if any provision is found to be unreasonable by a court, "any such portion shall nevertheless be enforceable to the extent such court shall deem reasonable, and, in such event, it is the parties' intention . . . and request that the court reform such portion in order to make it enforceable." The Duongs signed the agreement. Two years later,

SUPREME COURT
OF
NEVADA

(O) 1947A

the Duongs quit working for Fielden Hanson and began providing anesthesiology services to surgeons in Clark County.

Fielden Hanson filed a complaint to enforce the agreement and a motion for preliminary injunction, alleging that the Duongs violated the noncompetition agreement. The Duongs opposed, arguing that the noncompetition agreement was unreasonable and thus wholly unenforceable under *Golden Road*. They further argued that NRS 613.195(5), which requires a court to revise an unreasonably restrictive covenant to the extent necessary to enforce it, did not apply because it did not become effective until after they entered into the noncompetition agreement. The district court found that the noncompetition agreement was overbroad and that NRS 613.195(5) applied. Accordingly, it blue-penciled the noncompetition agreement and granted the preliminary injunction to enforce the revised agreement. The Duongs appeal, arguing that, under *Golden Road*, the district court could not blue-pencil a noncompetition agreement entered into before NRS 613.195(5)'s June 3, 2017, effective date.[1]

## DISCUSSION

We review a decision to grant a preliminary injunction for an abuse of discretion. *Labor Comm'r v. Littlefield*, 123 Nev. 35, 38, 153 P.3d 26, 28 (2007). We will "only reverse the district court's decision when the

---

[1]The Duongs do not challenge the reasonableness of the blue-penciled noncompetition agreement. Similarly, Fielden Hanson does not challenge the district court's conclusion that the original noncompetition agreement was unreasonably broad. Accordingly, the narrow question before us is whether the district court had the authority to blue-pencil the noncompetition agreement once it concluded the agreement was unreasonably broad.

district court abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of fact." *Excellence Cmty. Mgmt., LLC v. Gilmore*, 131 Nev. 347, 351, 351 P.3d 720, 722 (2015) (internal quotation marks omitted).

*This appeal is not moot*

As a preliminary matter, we conclude that this appeal is not moot even though the preliminary injunction has since expired. Generally, we will not decide moot cases. *NCAA v. Univ. of Nev., Reno*, 97 Nev. 56, 58, 624 P.2d 10, 11 (1981). A case is moot if it "seeks to determine an abstract question which does not rest upon existing facts or rights." *Id.* A case is not moot if our ruling would affect the parties' legal rights. *Boulet v. City of Las Vegas*, 96 Nev. 611, 613, 614 P.2d 8, 9 (1980) (explaining that this court decides appeals only when doing so affects the legal rights of the parties). In the underlying action, Fielden Hanson seeks damages for the Duongs' alleged violations of the blue-penciled noncompetition agreement. Thus, whether the district court had the authority to blue-pencil the noncompetition agreement affects the parties' legal rights, as it determines if Fielden Hanson has a legal basis to seek damages. Accordingly, we address the legal issue at hand.

*The district court had the authority to blue-pencil the unreasonable noncompetition agreement*

The Duongs argue that, under *Golden Road*, the district court could not blue-pencil the noncompetition agreement once it determined the agreement was unreasonably broad. However, the Duongs' reliance on *Golden Road* is misplaced. *Golden Road* merely held that a district court cannot, on its own, blue-pencil an unreasonable noncompetition agreement. 132 Nev. at 488, 376 P.3d at 159. It did not prohibit courts from blue-

penciling an unreasonable noncompetition agreement pursuant to the parties' agreement.

In *Golden Road*, we acknowledged that "[c]ourts are not empowered to make private agreements." *Id.* In so doing, we quoted the Arkansas Supreme Court, which addressed the blue-pencil doctrine, stating, "[w]e are firmly convinced that parties are not entitled to make an agreement, as these litigants have tried to do, that they will be bound by whatever contracts the court may make for them at some time in the future." *Id.* (quoting *Rector-Phillips-Morse, Inc. v. Vronman*, 489 S.W.2d 1, 4 (Ark. 1973) (alteration in original)). However, the noncompetition agreement at issue in *Golden Road* did not include a provision authorizing the court to blue-pencil the agreement if deemed unreasonable. 132 Nev. at 479, 376 P.3d at 153. Accordingly, that statement is dictum. *See St. James Vill., Inc. v. Cunningham*, 125 Nev. 211, 216, 210 P.3d 190, 193 (2009) (holding that a court's statement is dictum when "it is unnecessary to a determination of the questions involved") (internal quotation marks omitted)). It therefore does not provide a basis for invalidating the agreement's blue-penciling provision.[2] *See id.* ("Dictum is not controlling."). Because the noncompetition agreement here had a blue-penciling provision, we conclude that the district court did not abuse its discretion by blue-penciling the noncompetition agreement and enforcing the revised

---

[2]Further, the conclusion following that statement in *Golden Road* is that courts should not be in the business of making private agreements for parties, as that is not within the "judicial province." 132 Nev. at 488, 376 P.3d at 159. That conclusion does not, on its face, prevent the parties from making such an agreement themselves.

agreement.[3] *See Hannam v. Brown*, 114 Nev. 350, 357, 956 P.2d 794, 799 (1998) ("[T]his court will affirm the order of the district court if it reached the correct result, albeit for different reasons." (internal quotation marks omitted)). Accordingly, we affirm the district court's order granting the preliminary injunction.

_____, J.
Cadish

We concur:

_____, J.
Parraguirre

_____, J.
Hardesty

---

[3]After we held in *Golden Road* that a district court did not have the inherent authority to blue-pencil an unreasonable noncompetition agreement, the Legislature enacted NRS 613.195(5), which requires district courts to blue-pencil unreasonable noncompetition agreements and enforce the revised agreement. 2017 Nev. Stat., ch. 324, § 1, at 1861. However, NRS 613.195 did not take effect until June 3, 2017. While the Duongs argue the statute does not apply retroactively, we decline to address the retroactivity issue, since our holding that blue-penciling provisions within a noncompetition agreement are enforceable is dispositive.