NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WEBSITE MANAGEMENT SYSTEMS, LLC, a Nevada Limited Liability Company, | No. 20-15784 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-00213-JCM-BNW |
| and | |
| KJR MANAGEMENT COMPANY, LLC, | MEMORANDUM* |
| Plaintiff, | |
| v. | |
| BENJAMIN DAILEDA; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted November 20, 2020
Submission Vacated November 23, 2020
Resubmitted July 21, 2021
Pasadena, California

Before: PAEZ and OWENS, Circuit Judges, and ENGLAND,** Senior District

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Morrison C. England, Jr., United States Senior District Judge for the Eastern District of California, sitting by designation.

Judge.

Website Management Systems, LLC ("Appellant") appeals from the district court's denial of its request for a preliminary injunction. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.

Appellant's business engages in search-engine optimization ("SEO") for its clients. SEO aims to increase visibility of a client's website in the results of word searches on Internet search engines. The individually named Defendants, who formerly were employed by Appellant, left to form a competing SEO business, Defendant Yes We Will, Inc. ("YWW"). Appellant then instituted the present action and sought preliminary injunctive relief on grounds that 1) Defendants misappropriated and are using its confidential and proprietary trade secrets, including its processes for identifying customer leads and SEO methodologies; and 2) the individual Defendants are subject to non-competition agreements which prevent them from competing with Appellant through YWW. The district court denied the injunction, finding both that Appellant had failed to identify any actionable trade secret and that the non-competition protection sought was likely overbroad and unenforceable.

A preliminary injunction should ordinarily not issue where the probability of success on the merits is low. *Johnson v. Cal. State Bd. of Acct.*, 72 F.3d 1427, 1430 (9th Cir. 1995). The district court determined here that Appellant's trade

2

secret claim was not likely to succeed on the merits, and accordingly did not warrant injunctive relief, because Appellant failed to identify any actual trade secret.

We review that determination for an abuse of discretion, *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011), and find no such abuse here. The district court found that none of the "processes" or "techniques" identified by Appellant differed substantially from those generally employed in the SEO industry such that they could comprise trade secrets, and that determination was not an unreasonable one. Appellant was unable to articulate how any viable trade secret was implicated before the district court or on appeal, despite being afforded numerous opportunities to do so.

We turn to whether Defendants should have been preliminarily enjoined from competing with Appellant, as provided in the non-competition agreements. We conclude that the challenge to denial of preliminary injunctive relief as to that claim is moot.[1] The district court denied the requested injunction, which sought to

---

[1] We vacated submission of this appeal pending the Nevada Supreme Court's resolution of *Duong, M.D. v. Fielden Hanson Isaacs Miyada Robison Yeh, Ltd.*, 478 P.3d 380 (Nev. 2020). In *Duong*, the Nevada Supreme Court held that if an otherwise unenforceable noncompetition agreement contains a blue-penciling provision, a court may blue-pencil the agreement. *Id.* at 381. The court did not address whether NRS 613.195(5)—which requires courts to blue pencil unenforceable noncompetition agreements—applies retroactively. The Nevada Supreme Court filed its opinion in *Duong* on December 31, 2020, and Appellant notified the court of the opinion on March 18, 2021.

3

enjoin Defendants from "providing SEO services for one year," because the likelihood of success on the merits was questionable. At oral argument prior to ruling on the motion for a preliminary injunction, the district court characterized any injunction it would consider as being "for one year from the time that [Defendants] left the company," and counsel assented to that limitation. In supplemental briefing to the district court, Appellant reiterated being "comfortable" requesting a one-year period for the injunction.

Defendants left the employ of Appellant between December 20, 2019 and January 3, 2020. Any one-year period of non-competition extending from those dates expired not later than January 3, 2021. Generally, where events occur that prevent an appellate court from granting any effective relief, an appeal should be dismissed as moot. *See, e.g., Matter of Combined Metals Reduction Co.*, 557 F.2d 179, 187 (9th Cir. 1977). This is because under Article III of the United States Constitution, federal courts can "adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). Here, because the one-year period for which an injunction was sought has expired, the appeal of the breach of contract claim is now moot and is no longer subject to adjudication.

**AFFIRMED.**

4