# IN THE SUPREME COURT OF THE STATE OF NEVADA

BO JONES; AND DAN JONES,
HUSBAND AND WIFE,
Appellants,
vs.
HAMED GHADIRI, AN INDIVIDUAL,
Respondent.

No. 83184

FILED

AUG 11 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a preliminary injunction in a real property boundary dispute. Eighth Judicial District Court, Clark County; Crystal Eller, Judge.[1]

Appellants Bo and Dan Jones and respondent Hamed Ghadiri are neighbors whose properties are separated by a concrete wall built in approximately 1989, more than 20 years before the parties purchased their respective homes. After obtaining a survey, Ghadiri obtained a permit from the City of Las Vegas authorizing him to demolish the wall and rebuild it on the correct property line because, according to the survey, a portion of the Joneses' recreational vehicle driveway was located on Ghadiri's land. Upon learning of Ghadiri's plans to demolish the wall, the Joneses filed the underlying complaint seeking to establish a continued right to use the disputed property. The Joneses also obtained a temporary restraining order enjoining Ghadiri from demolishing the wall. In response, Ghadiri asserted counterclaims including seeking to quiet title. Shortly thereafter, the district court granted Ghadiri's motion for partial summary judgment, entered judgment in his favor on all of the Joneses' claims, and denied the

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

SUPREME COURT
OF
NEVADA

(O) 1947A

22-25203

Joneses' request for a preliminary injunction. The Joneses filed the instant appeal, seeking to challenge both the district court's grant of partial summary judgment and its refusal to issue a preliminary injunction. This court dismissed this appeal as to the district court's partial summary judgment because it was not a final judgment as some of Ghadiri's counterclaims remain unresolved. *Jones v. Ghadiri*, No. 83184 (Order Dismissing Appeal in Part, Reinstating Briefing, and Granting Stay) (Oct. 1, 2021).

"A preliminary injunction is proper where the moving party can demonstrate that it has a reasonable likelihood of success on the merits and that, absent a preliminary injunction, it will suffer irreparable harm for which compensatory damages would not suffice." *Excellence Cmty. Mgmt. v. Gilmore*, 131 Nev. 347, 350-51, 351 P.3d 720, 722 (2015). The district court here found that, because the Joneses' claims had been summarily adjudicated, they could not demonstrate a likelihood of success on the merits of their claims such that injunctive relief was unavailable. We agree.

Although the scope of this appeal is limited to the district court's refusal to grant a preliminary injunction, the majority of the Joneses' arguments go toward the propriety of the district court's partial summary judgment. Because a party seeking a preliminary injunction must first demonstrate that they have a substantial likelihood of success on the merits of their claims, whether the district court here properly denied the Joneses' request for injunctive relief is necessarily intertwined with the merits of the district court's partial summary judgment. We decline, however, to consider any of the Joneses' arguments in this regard, as they go beyond the limited scope of this appeal.

Because injunctive relief is only appropriate when it appears "that the plaintiff is entitled to the relief demanded," NRS 33.010(1), and all of the Joneses' claims for relief were resolved by the district court's partial summary judgment, we conclude that the district court did not abuse its discretion by denying the Joneses' request for a preliminary injunction.[2] *See Labor Comm'r of the State of Nev. v. Littlefield*, 123 Nev. 35, 38-39, 153 P.3d 26, 28 (2007) (reviewing a district court's decision to deny a preliminary injunction for an abuse of discretion). Based upon the foregoing, we

ORDER the judgment of the district court AFFIRMED and vacate our stay of the district court's order.[3]

_____, C.J.
Parraguirre

_____, J.          _____, Sr.J.
Silver                                Gibbons

cc:     Hon. Crystal Eller, District Judge
        Thomas J. Tanksley, Settlement Judge
        Black & Wadhams
        Dziminski Law Group
        Eighth District Court Clerk

---

[2]Because we conclude that the Joneses could not demonstrate a likelihood of success on their dismissed claims, we need not address the Joneses' argument that the district court failed to properly balance the equities.

[3]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.